THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| Plaintiff, | * |
| v. | *   CIVIL ACTION NO.:12-00011-CG-N |
| | * |
| $107,000.00, more or less, in U.S. Currency, | * |
| | * |
| Defendant. | * |

**PLANNING MEETING REPORT**

Pursuant to Fed.R.Civ. 26(f), the parties report as follows:

1.  On February 27, 2012, a meeting between plaintiff and claimant's counsel was held between Assistant United States Attorney Alex F. Lankford, IV, Mobile, AL. for the Plaintiff, and Arthur J. Madden, III, Esquire, for the Claimant.

2.  Plaintiff states the following: During the period of mid-October 2010 until late-May 2011, Vijay Patel, president of Maldi Ma, Inc., made over $1,300,000.00 in cash deposits into Maldi Ma, Inc.'s account at Century Bank, in such a manner as to structure or attempt to structure and/or cause or attempt to cause the bank to fail to file Currency Transaction Reports (CTRs), in accordance with its obligation to do so for currency transactions in excess of $10,000. Rather than making a single deposit in excess of $10,000 in cash into the account, on multiple occasions, he broke the sums apart into two or more separate sums, each below $10,000, i.e., he structured them. Patel then made two or more separate deposits into the same account, each below $10,000, one after another. The defendant $107,000, more or less, in U.S. Currency, less than 10% of the over

$1,300,00.00 in structured deposits, was the sum available in the account at the time a seizure warrant was executed. The defendant currency is subject to forfeiture pursuant to 31 U.S.C. §5317(c)(2), as property involved in a violation of 31 U.S.C. §§ 5313, 5324(a)(1) and/or (a)(3), or a conspiracy to commit such an offense.

3.      Claimant Maldi Ma, Inc., states the following:

The claimant, Maldi Ma, Inc., operates Palmer's Quick Stop, in Irvington, Alabama, a high volume retail seller of gasoline and other types of convenience store products.  Many customers pay for gasoline and other goods in cash. While the volume of gasoline sales is high, the mark-up on gasoline is small. As is customary in the industry, Palmer's petroleum supplier Midstream Fuel Services, automatically sweeps the Maldi Ma, Inc. Century Bank account XXXX058 on a ten day from delivery basis in order to be paid for product. Consequently Maldi Ma, Inc. has to maintain a sufficient balance in its account to cover these sweeps and must replenish the account on a regular basis.

The company's deposit transaction history shows that the corporation (through its owners and employees) did not engage in illegal structuring, because the cash deposits were not made with the requisite intent to that the financial institution evade the currency reporting requirement.

First, all but two of the deposits were made at a single branch of a single bank – the local Century Bank branch located near the Irvington store with which the corporation had a long banking relationship.  Second, all of deposit transactions were straight forward

and were placed in a single bank account – XXXX0581. Third, the deposits were presented on a regular basis, usually on Monday, Wednesday and Friday. These deposits are consistent with the cash flow resulting from the operation of a retail business.

Finally, the multiple cash deposits were presented in a single transaction at the teller's window. The times when the deposits were made shows that in every instance the cash deposits were recorded as being made simultaneously or within a minute or two of each other – about the time it would take a teller to count and receipt the money.  The Tillman's Corner branch of Century Bank is a small office with only a few employees. Branch personnel were well aware that two or occasionally three tranches of cash were being tendered together for deposit by a single customer at the same time for deposit into a single account.

Maldi Ma, Inc. did not attempted to conceal the fact that the cash deposits were related or attempted to frustrate the bank in its duty to report the multiple cash transactions. The money should be returned to it.

4. This action should be ready for trial by January 2013, and at this time is expected to last approximately 1 day.

5. The parties request a pretrial conference in December 2012.

6. Pre-Discovery Disclosures.  Pursuant to Fed. R. Civ. P. 26(a)(1)(A) and (a)(1)(B)(ii) forfeiture actions in rem arising from a federal statute are exempt from the initial disclosure requirements.

7. Amendments to pleadings are to be on or before July 31, 2012.

8. Discovery Plan. The parties jointly propose to the Court the following discovery plan.

    a. Discovery will be needed on the following subjects:

        1. The forfeitability of the defendant property to a preponderance of the evidence.

        2. Claimant's ability to prove it is an "innocent owner" within the meaning of 18 U.S.C. §983(3)(A)(i) and (ii).

    b. All discovery commenced in time to be completed by September 21, 2012.

    c. Maximum of 50 interrogatories by each party to any other party. Answers due 30 days after service.

    d. Maximum of 50 requests for admission by each party to any other party. Responses due 30 days after service.

    e. Two sets of requests for production. Responses due 30 days after service.

    f. Maximum of 5 depositions by Plaintiff and 5 by Claimant unless otherwise agreed by the parties or permitted by the Court.

    g. Each deposition is limited to 6 hours unless extended by agreement of the parties or permitted by the Court.

    h. No reports from retained experts under Rule 26(a)(2) are anticipated.

    i. Supplementation under Rule 26(e) of disclosures or discovery responses are due in a timely manner and prior to the completion of discovery.

9.  Dispositive motions are due on or before October 5, 2012.

10.  Other items.

  a.  The parties do not request a conference with the Court before entry of the scheduling order.

  b.  Settlement is unlikely until the parties have completed the discovery process and perhaps file dispositive motions. However, the parties will discuss possible settlement as the case progresses.

>
> Respectfully submitted,
> KENYEN R. BROWN
> UNITED STATES ATTORNEY

/s/ Arthur J. Madden, III                               /s/ Alex F. Lankford, IV
_____

| | |
|---|---|
| Arthur J. Madden, III, Esq. (MADDA0656) | Alex F. Lankford, IV (LANKA0026) Assistant United States Attorney |
| 465 Dauphin Street | 63 S. Royal Street, Suite 600 |
| Mobile, Alabama 36602 | Mobile, Alabama 36602 |
| Telephone:(251) 432-0380 | Telephone: (251) 441-5845 |
| Facsimile:(251) 433-5964 | Facsimile: (251) 441-5051 |
| E-mail: ajmadden@maddenandnsoto.com | E-mail:alex.lankford@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                                /s/ Alex F. Lankford, IV

                                                Alex  F. Lankford, IV (LANKA0026)
                                                Assistant United States Attorney