THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO.:12-00011-CG-N |
| | * | |
| $107,000.00, more or less, in U.S. Currency, | * | |
| | * | |
| Defendant.[1] | * | |

**RELEASE AND SETTLEMENT OF ALL CLAIMS AND
STIPULATION AND CONSENT TO ENTRY OF ORDER OF FORFEITURE**

COME NOW the plaintiff, the United States of America, by and through Kenyen R. Brown, United States Attorney for the Southern District of Alabama, and Assistant United States Attorney Alex F. Lankford, IV, and claimant, Maldi Ma, Inc., d/b/a Palmer's Quick Stop, by and through its attorney, Arthur J. Madden, III, and enter into this Release and Settlement of All Claims and Stipulation and Consent to Entry of Order of Forfeiture as follows:

WHEREAS, on January 10, 2012, the United States having filed a civil forfeiture complaint in rem alleging that the above-captioned defendant is subject to forfeiture to the United States pursuant to 31 U.S.C. §5317(c)(2), which subjects to civil forfeiture any property involved in a violation of 31 U.S.C. §5313 and §5324(a)(1) and/or (a)(3), or a

---

[1] The defendant currency was seized from Century Bank account xxxxxx0581, held by Maldi Ma, Inc., d/b/a Palmer's Quick Stop. The total amount seized was $107,822.30.

conspiracy to commit such violations.

WHEREAS, on or about January 13, 2012, the U.S. Secret Service having executed the Warrant for Arrest in rem as to the defendant currency thereby subjecting it to the in rem jurisdiction of this Court and authorizing it to enter orders regarding its disposition;

WHEREAS, on or about January 12, 2012, the claimant Maldi Ma Inc., d/b/a Palmer's Quick Stop (hereinafter sometimes "Claimant"), having timely filed through its attorney, Arthur J. Madden, III, a claim and answer asserting an interest in the defendant currency;

WHEREAS, Arthur J. Madden, III, is duly authorized to represent the Claimant and to execute this Release and Settlement of all claims and Stipulation and Consent to entry of Order of Forfeiture as Claimant's counsel;

WHEREAS, the plaintiff having published notice of this action on www.forfeiture.gov for 30 consecutive days from January 11, 2012 to February 9, 2012, in accordance with Rule G(4), and of the obligation of any person claiming a legal interest in the defendant currency to file a claim within 60 days of the first date of publication;

WHEREAS, no persons other than the Claimant have filed claims or otherwise asserted an interest in the defendant currency, and the time to do so having long since expired; and

2

WHEREAS, under the sound policy of law favoring settlements, the parties hereto desire termination of these forfeiture proceedings and to enter into the mutually acceptable compromise and settlement, without trial or adjudication of any issue of fact or law, and have agreed to resolve and settle this matter between them in full without further litigation under the following terms:

NOW, THEREFORE, upon the pleadings, and upon the stipulation and consent of the parties and other signatories hereto, it is stipulated and agreed by and between the undersigned, as follows:

1. All signatories to this document admit that jurisdiction and venue is proper in this Court over them and the defendant vehicle.

2. The complaint in the above-captioned action states forfeiture claims upon which relief may be granted.

3. The parties agree that upon motion of the United States the Court may enter a Final Order and Judgment of Forfeiture in favor of the United States against $40,000.00 of the defendant $107,822.30, for disposition according to law.

4. As soon as practicable after entry of a Final Order and Judgment of Forfeiture against $40,000 of the defendant $107,822.30, and in consideration of Claimant's full compromise and settlement of its claim as set forth more fully below, the United States agrees to pay Claimant $67,822.30 by check to Arthur J. Madden, III, Attorney Trust Account f/b/o Claimant Maldi Ma, Inc., d/b/a Palmer's Quick Stop.

5. In consideration of the foregoing, Claimant knowingly and voluntarily relinquishes any right, title or interest it has, or may have had in the defendant currency including and up to $40,000.00, as well as any right to further contest its forfeiture to the United States pursuant to 31 U.S.C. §§ 5317(c)(2).

6. The United States and the Claimant further agree, understand, and acknowledge that neither of the parties to this agreement admit to or acknowledge any liability or wrongdoing whatsoever to the other with respect to the transactions which formed the basis of this seizure and forfeiture action. Further, the parties specifically deny any such liability or wrongdoing. Neither this settlement nor any payment hereunder is to be construed as an admission of liability or wrongdoing by either party.

7. In further consideration of the foregoing, the Claimant, other Century Bank account xxxxxx0581 signatories, officers and persons conducting currency transactions in said account, acknowledge having read and understood the Addendum to this agreement containing a Notification of Law attached hereto and incorporated herein that among other things, financial institutions are required to report certain transactions in currency, and that causing or attempting to cause a financial institution to fail to report such transactions constitutes a violation of the law as set forth therein.

8. Claimant waives its right, if any, to use the instant action or its settlement as a basis for any statutory or constitutional defense in any other civil, criminal, or administrative action, including, without limitation, venue, defenses based upon the

4

Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. The United States makes no representations as to the tax consequences, if any, of the payment to Claimant or the settlement of the instant action. The United States and Claimant agree that this settlement resolves all matters, civil and criminal, relating to the alleged structuring offenses which form the basis of the forfeiture in this action. This Stipulation does not resolve any issues of tax liability, civil or criminal, under Title 26 of the United States Code.

9. In further consideration of the foregoing, Maldi Ma, Inc., d/b/a Palmer's Quick Stop on behalf of itself, its representatives, designees, agents, heirs, successors in interest and attorneys, covenants and agrees to and does hereby forever release and save harmless the United States of America, United States Attorney's Office for the Southern District of Alabama, the United States Secret Service, and their officials, officers, and employees, in their official or any other capacity, from any claim, liability, obligation, appeal, action or demand, known or unknown, which any of them may now have or hereafter have against said released parties in connection with, arising out of, or incident to the seizure and forfeiture of the subject currency in this action or any other related administrative or civil action, including any claim for interest, attorney's fees and expenses under the Equal Access to Justice Act, Civil Asset Forfeiture Reform Act, and any other statutory or legal basis for recovery of such fees and expenses, except for any claim arising as a result of the United States' failure to comply with the terms of this

Agreement.

10. The United States of America on behalf of itself, its representatives, designees, agents, heirs, successors in interest, and attorneys, agree to and does hereby forever release and save harmless the claimant, Maldi Ma, Inc., d/b/a Palmer's Quick Stop on behalf of itself, from any claim, liability, obligation, appeal, action or demand, known or unknown, which any of them may now have or hereafter have against said released parties in connection with, arising out of, or incident to the seizure and forfeiture of the subject currency in this or any other related administrative or civil action, including any claim for interest, attorney's fees and expenses under the Equal Access to Justice Act, Civil Asset Forfeiture Reform Act, and any other statutory or legal basis for recovery of such fees and expenses, whether tangible or intangible, except for any claim arising as a result of Maldi Ma, Inc.'s, d/b/a Palmer's Quick Stop's failure to comply with the terms of this Agreement.

11. The United States of America and claimant, Maldi Ma, Inc.'s, d/b/a Palmer's Quick Stop, agree that this Release and Settlement Agreement embodies and constitutes complete disposition and resolution of its claim and answer as to its interest in the defendant currency and any other challenge to any administrative and or other forfeiture action, and that the United States shall have no other, further, or additional obligation or liability to the signatories to this document except as herein provided.

12. The United States of America and claimant, Maldi Ma, Inc.'s, d/b/a

Palmer's Quick Stop, expressly agree that the Court may enter any orders or notices necessary in this action to effect the terms of settlement of the parties as set forth herein without further notice to them.

13. This Stipulation constitutes the final, complete, and exclusive agreement and understanding between the parties with respect to the settlement embodied in this Stipulation and supersedes all prior agreements and understandings, whether oral or written. No other document, nor any representation, inducement, agreement, understanding or promise constitutes any part of this Stipulation or the settlement it represents, nor shall it be used in construing the terms of this Stipulation. For purposes of construction, this Release and Stipulation shall be deemed to have been drafted by the parties and shall not, therefore, be construed against any party in any subsequent dispute, including but not limited to any proceedings in which the United States seeks to enforce the terms of this Stipulation.

14. If any provision of this Stipulation is hereafter determined to be invalid for any reason, the balance of this Stipulation shall remain in full force and effect. The obligations of this Stipulation apply to and are binding upon the Claimant and any of its successors, transferees, heirs, and assigns.

15. It is contemplated that this Stipulation of Settlement may be executed in several counterparts. All such counterparts and signature pages, which may include electronic and scanned signatures, together, shall be deemed to be one document.

16.     Upon receipt thereof, counsel for the United States shall submit to the Court a proposed Motion for Final Order of Forfeiture and Judgment: (a) forfeiting to the United States the defendant currency including and up to $40,000.00; (b) returning to the Claimant $67,822.30 of the defendant currency, (c) dismissing the action and closing the case.

16.     This document may not be amended other than by a written amendment signed by all the parties hereto.

*[Executions on following page]*

IN WITNESS WHEREOF, the following persons have set their respective hands:

Dated: Mobile, Alabama

October 11th, 2012

_____,
Maldi Ma, Inc.'s, d/b/a Palmer's Quick Stop

By: VIJAY PATEL

Its: PRESIDENT


Dated: Mobile, Alabama

October 11th, 2012

_____
Arthur J. Madden, III (MADDA0656)
Attorney for Claimant
465 Dauphin Street
Mobile, Alabama 36602
Telephone: (251) 432-0380
Email: ajmadden@maddenandsoto.com


Dated: Mobile, Alabama

October 11th, 2012

KENYEN R. BROWN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF ALABAMA

By: _____
Alex F. Lankford, IV (LANKA0026)
Assistant United States Attorney
63 S. Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 415-7140
Facsimile: (251) 441-5051
E-mail: alex.lankford@usdoj.gov

**ADDENDUM TO RELEASE AND SETTLEMENT OF ALL CLAIMS AND STIPULATION AND CONSENT TO ENTRY OF ORDER OF FORFEITURE AND NOTIFICATION OF LAW REGARDING BANKS' REQUIRED REPORTING OF CURRENCY TRANSACTIONS OVER $10,000.00 AND UNLAWFULNESS OF CAUSING OR ATTEMPTING TO CAUSE BANKS TO FAIL TO FILE REPORT BY STRUCTURING/BREAKING UP MORE THAN $10,000 INTO DEPOSITS OR WITHDRAWALS IN AMOUNTS $10,000 OR LESS**

Title 31, United States Code, Section 5313, and its implementing regulation, 31 Code of Federal Regulations, Section 1010.311, require banks and many other domestic financial institutions (defined at Title 31, United States Code, Section 5312) to file Currency Transaction Reports, ("CTRs"), Form 104, with the Financial Crimes Enforcement Network for all currency transactions in excess of $10,000.

Financial institutions must report deposits, withdrawals, and exchanges of currency, or other payments or transfers by, through, or to a financial institution in a banking day involving a transaction (or multiple transactions by or on behalf of the same person) in currency exceeding $10,000. If the aggregate amount of cash exceeds $10,000, then the financial institution must file a CTR.

CTRs are often used by law enforcement to uncover a wide variety of illegal activities including narcotics trafficking, money laundering, tax evasion and other crimes committed by those who wish to avoid being connected with large cash transactions by law enforcement. Many individuals involved in these illegal activities are aware of such reporting requirements and take active steps to cause or attempt to cause financial institutions to fail to file CTRs, in violation of Title 31 U.S.C. §§ 5313, 5324(a)(1) and (a)(3) and 31 C. F. R. Chapter X §1010.311. These active steps are often referred to as "smurfing" or "structuring" and may involve making multiple cash deposits or withdrawals, in amounts less than $10,000, to or from multiple banks and/or branches of the same bank on the same day, consecutive days or within a few days of each other. *United States v. Kushner*, 256 F. Supp. 2d 109, 112 (D.Mass. 2003) ("The Supreme Court has defined "structuring" under section 5324 to be the break[ing] up [of] a single transaction above the reporting threshold into two or more separate transactions – for the purpose of evading a financial institution's reporting requirements.") quoting *Ratzlaf v. United States*, 510 U.S. 135, 136, 114 S. Ct. 655, 126 L.Ed.2d 615 (1994).

31 C.F.R. Chapter X §1010.100 (xx) provides that: "[...] a person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the

purpose of evading the reporting requirements under §§1010.311, 1010.313, 1020.315, 1021.311 and 1021.313 of this chapter. "In any manner" includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000 into smaller sums, including sums at or below $10,000, or the conduct of a transaction, or series of currency transactions, including transactions at or below $10,000. The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring within the meaning of this definition." 31 C.F.R. Chapter X §1010.100(xx).

Title 31, United States Code, Section 5324, prohibits individuals from causing or attempting to cause a bank, or other domestic financial institution, to fail to file this report, or to cause or attempt to cause a bank to file a false report, or to cause or attempt to cause a bank to fail to maintain a record required or to maintain a record that contains a material omission or misstatement of fact. This same law prohibits individuals from structuring transactions to avoid the reporting and recordkeeping requirements. It further makes it unlawful to attempt to structure or attempt to assist in structuring.

Criminal violations of these code sections are punishable with prison sentences of up to ten years in Federal prison, and/or monetary fines equal to, or even greater than, the amount of the illegal transaction.

I have read and understand the above-referenced Federal laws, including requiring banks to file Currency Transaction Reports for transactions in currency over $10,000.00, the important purpose such reports serve in law enforcement, and the illegality of breaking up sums of more than $10,000.00 in currency to cause or attempt to cause banks to fail to file such reports.

*/s/ Vij Patel*   10/11/12  
Maldi Ma, Inc., d/b/a           Date  
Palmer's Quick Stop  

By:  
  Vijakumar R. Patel  

*/s/ Minee Patel*   10-11-12  
Minaben A. Patel,           Date  
Account signatory and transactor  

*/s/ VVP*   10-11-12  
Vishal V. Patel,           Date  
Account transactor  

11