THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | *   CIVIL ACTION NO.:12-00011-CG-N |
| $107,000.00, more or less, in U.S. Currency, | * |
| Defendant.[1] | * |

## MOTION FOR ORDER AND JUDGMENT OF FORFEITURE

Comes now the plaintiff, the United States of America, by and through Kenyen R. Brown, United States Attorney for the Southern District of Alabama, Alex F. Lankford, IV, Assistant United States Attorney, and moves the Court to enter an Order and Judgment of Forfeiture against the above-named defendant, ordering forfeiture of a portion of the defendant currency to the plaintiff for disposition according to law, with the remainder being returned to Claimant, and as grounds therefor, shows as follows:

1.   On January 10, 2012, the plaintiff filed a Verified Complaint for Forfeiture In Rem against the above-named defendant currency, alleging that it was subject to seizure and forfeiture to the United States to enforce 31 U.S.C. §5317(c)(2), which subjects to civil forfeiture any property involved in a violation of 31 U.S.C. §5313 and §5324(a)(1) and/or (a)(3), or a conspiracy to commit such violation (Doc. 1).

2.   On January 13, 2012, the United States Secret Service seized the defendant

---

[1] The defendant currency was seized from Century Bank account xxxxxx0581, held by Maldi Ma, Inc., d/b/a Palmer's Quick Stop. The total amount seized was $107,822.30.

$107,000.00, more or less, in U.S. currency, pursuant to a Warrant for Arrest issued by the Clerk of Court (Doc. 9). At the time, the defendant currency was already in the plaintiff's possession.

## NOTICE SENT TO KNOWN POTENTIAL CLAIMANTS

3. Supplemental Rule G "governs a forfeiture action arising from a federal statute." Supplemental Rule G(1). Supplemental Rule G(4)(b)(i) states that Plaintiff "must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant..." Maldi Ma, Inc., is the only known potential claimant for the defendant currency seized from the Century Bank account xxxxxx0581 in the name of Maldi Ma, Inc., dba Palmer's Quick Stop.

4. Notice "must be sent by means reasonably calculated to reach the potential claimant." Rule G(4)(iii)(A). Further, Rule G(4)(b)(iii)(B) provides, in pertinent part, that such notice "may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property...." The Advisory Committee Notes clarify that notice may be sent to a potential claimant's counsel only if he or she is "already representing the claimant with respect to the seizure of the property...."

5. Before plaintiff filed the Verified Complaint, the undersigned had been in contact with Arthur J. Madden, III, regarding the seizure of the defendant currency from Maldi Ma, Inc.'s account, who said he represented it regarding the seizure. Therefore, plaintiff sent the Complaint and Notice of Forfeiture Action to Mr. Madden on January 10, 2012, to Maldi Ma, Inc., and to Vijaykuma Patel, its president. (Doc. 1 at 18, 1-2 at 3)

6. On January 12, 2012, Arthur J. Madden, III, filed a timely claim on behalf of

2

Maldi Ma., Inc., verified by Vijaykuma Patel, and a timely answer (Docs. 3, 6).

7. On October 11, 2012, plaintiff filed a Release and Settlement of All Claims and Stipulation and Consent to Entry of Order of Forfeiture in which the parties set forth the terms of their settlement of this action. (Doc. 29). Pursuant to its terms the parties agreed that $40,000.00 is to be forfeited to plaintiff for disposition according to law, with the remaining $67,822.30, to be returned to Claimant, with each party to bear its own costs. (Id.).

## PUBLICATION OF NOTICE COMPLETED

8. Supplemental Rule G(4) requires that the government publish notice of a civil forfeiture action. In accordance with Supplemental Rule G(4)(iv)(C), plaintiff published notice on an official government internet forfeiture website at www.forfeiture.gov for 30 consecutive days, from January 11 - February 9, 2012. (Doc. 13). Supplemental Rule G(4)(iv)(C) deems internet publication an alternative to newspaper publication. Any putative claimants who received notice via the internet had to file a claim no later than 60 days after the first date of publication, that is, no later than March 12, 2012. Supplemental Rule G(5)(ii)(B).

9. No putative claimants who may received notice by internet publication have filed a timely claim, and the deadline to do so has long since expired. Supplemental Rule G(5)(b).

## THE COURT HAS IN REM JURISDICTION

10. As stated, the United States Secret Service seized the defendant $107,000.00, more or less, in U.S. Currency, pursuant to seizure Warrant For Arrest issued by the Clerk

of Court. (Doc. 5). Therefore, the defendant currency is within the in rem jurisdiction of the Court enabling it to enter orders regarding its disposition. *United States v. All Funds Distributed to Weiss*, 345 F. 3d 49, 55 n.7, 56 n.8 (2d Cir. 2003) (seizure or constructive control of the property is necessary for the Court to exercise in rem jurisdiction); *Ventura Packers, Inc. v. F/V Kathleen*, 424 F. 3d 852, 853 (9th Cir. 2005) (In rem jurisdiction is obtained by serving an arrest warrant in rem.); *United States v. One Lear Jet*, 836 F.2d 1571, 1573 (11th Cir. 1983)("The general rule of *in rem* jurisdiction is that the court's power derives entirely from its control over the defendant *res*."); *Wong Shing v. M/V Mardina Trader*, 564 F. 2d 1183, 1186 (5th Cir. 1977) (the arrest or seizure of the property gives the court in rem jurisdiction).

## **THE CASE IS RIPE FOR FINAL DISPOSITION**

11.     All identifiable potential claimants have been sent notice. All potential claimants have had adequate notice and time in which to file a claim, motion, or an answer. No claims, motions, or answers other than Maldi Ma Inc.'s have been filed and the filing deadlines have expired.

12.     Therefore, this action is ripe for final disposition by entry of a final order and judgment of forfeiture.

## **CONCLUSION**

Based on the foregoing, the United States submits that an Order of Forfeiture and Judgment are due to be entered against the above-named defendant, ordering $40,000.00

of it forfeited to the plaintiff for disposition according to law, and the remaining $67,822.30 returned to Claimant, with each party to bear its own costs.   For the convenience of the Court, plaintiff is submitting a working copy of the proposed Order of Forfeiture and Judgment of Forfeiture.

                Respectfully submitted,
                KENYEN R. BROWN
                UNITED STATES ATTORNEY

                */s/Alex F. Lankford, IV*
By:  _____
        Alex F. Lankford, IV (LANKA0026)
        Assistant United States Attorney
        63 S. Royal Street, Suite 600
        Mobile, Alabama 36602
        Telephone:  (251) 441-5845
        Facsimile: (251) 441-5051
        E-mail: alex.lankford@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                */s/Alex F. Lankford, IV*
                _____
                Alex  F. Lankford, IV (LANKA0026)
                Assistant United States Attorney